IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONOVAN L. HALEY,                *
   Plaintiff

   v.                           *    Civil Action No. JKB-14-3775

SOCIAL SECURITY ADMINISTRATION
   Defendant                      *

## **MEMORANDUM**

Donovan L. Haley ("Haley") is an inmate housed in Corcoran State Prison in Corcoran, California. On December 3, 2014, the court received for filing his complaint against the Social Security Administration ("SSA"). ECF No. 1. Haley claims that SSA has failed to properly respond to his Freedom of Information Act ("FOIA") requests for documents and seeks review in this court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides a remedy under the FOIA for the filing of a complaint to enjoin a federal agency from improperly withholding records. *Id*.

Pending are defendant's motion to dismiss or, in the alternative, for summary judgment and Haley's opposition. ECF Nos. 10 & 12. The court will dispense with a hearing. *See* Local Rule 105.6. (D. Md. 2014). For the reasons stated below, the court will, by separate Order, GRANT defendant's dispositive motion.

### Background

Haley previously filed a case in this court regarding SSA's failure to provide requested records, which was dismissed for failure to exhaust administrative remedies. *See Haley v. Social Security Administration,* Civil Action No. RWT-12-3086 (D. Md.).

In the instant case, plaintiff indicates that on March 31, 2014, he requested a copy of his individual records pursuant to FOIA and the Privacy Act[1] by mailing his request to the "office of the Custodian of Records/Information , 6401 Security Blvd., Baltimore, MD 21235-0001." ECF No. 1-1. Haley requested records from January 1, 1998, to January 1, 2004, including (a) any and all records/information/files related to requester; and (b) any and all records/information/files related to requestor being found eligible for supplemental security income benefits ("SSI"); complete amounts of payouts under SSI; amount owed under SSI; and determination for eligibility information, including statements, notes, and records of doctors. *Id*.

Plaintiff indicates that he mailed a second request for the same documents on June 16, 2014, to "information and Records Office, 6401 Security Blvd., Baltimore, MD 21235-0001." ECF No. 1-2. In this request, plaintiff indicated he was "mentally disabled patient" in an outpatient program at Mule Creek State Prison. *Id*., p. 3

Plaintiff states that he has not been provided the requested records. He seeks disclosure of the records and monetary damages. ECF No. 1.

Defendant indicates that plaintiff's requests were not in accordance with regulations regarding FOIA and Privacy Act requests submitted to SSA and, as such, plaintiff has not exhausted his administrative remedies under FOIA or the Privacy Act. Additionally, Defendant indicates that it has fully complied with its obligations under FOIA and the Privacy Act.

Mary Ann Zimmerman, Acting Deputy Executive Director of the Office of Privacy and Disclosure ("OPD") in the Office of the General Counsel at SSA, avers that as of the date plaintiff instituted this case, OPD had no record of plaintiff properly filing a FOIA request or any administrative appeal. ECF No. 10-2, p. 2. After receiving notice of the lawsuit, OPD inquired with other offices at SSA and learned that the Office of Communication received

---

[1] Privacy Act of 1974, 5 U.S.C. 5552a.

plaintiff's March 31, 2014, request on or about May 30, 2014. No record of the June 16, 2014, request was discovered. *Id*.

Because plaintiff's March 31, 2014, request sought access to his own records, SSA processed the request under the Privacy Act. *See* 20 C.F.R. § 402.15(b). The SSA only considers the request to be made under FOIA if there are requested records that SSA could not release under the Privacy Act. *Id*. SSA could not respond to plaintiff's first request "for any and all records about himself from January 1, 1998 to January 1, 2004," as the request failed to reasonably describe the records sought. SSA regulations provide that the agency cannot honor requests for "all records, all information, or similar blanket requests." *See* 20 C.F.R. § 401.40(c).

As to plaintiff's request for SSI information, SSA performed a search of all records that it reasonably believed may contain information related to plaintiff's request regarding SSI information. ECF No. 10-2, p. 2-3. On February 9, 2015, SSA responded to plaintiff's request and provided all records the agency located that the agency determined were responsive to plaintiff's request regarding SSI information. *Id*., p. 4.

## Standard of Review

A.   Motion to Dismiss

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 563.

The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusional factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

B.   Motion for Summary Judgment

Summary judgment is governed by Rule 56(a), which provides:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting former Rule 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal

quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986), the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

Analysis

Under the FOIA, federal agencies are required upon request to promptly make available records where the request reasonably describes the records requested and is made in accordance with published rules. *See* 5 U.S.C. § 552(a)(3)(A). Records that are properly requested must be provided in any form or format requested by the person if it is readily reproducible in that form. *See* 5 U.S.C. § 552(a)(3)(B). The purpose of FOIA is to open government agency action to

public scrutiny.  *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149  (1975).

To determine if an agency's search for responsive materials is adequate, the agency must demonstrate that it has "conducted a search reasonably calculated to uncover all relevant documents." *Ethyl Corp. v. U.S. E.P.A.*, 25 F.3d 1241, 1247 (4th Cir. 1994).  It is not necessary for the agency to locate "every single potentially responsive document." *Id*.  The agency

> may not rest on an affidavit that simply avers that the search was conducted in a manner consistent with customary practice and established procedure. Rather, the affidavit must be reasonably detailed, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched so as to give the requesting party an opportunity to challenge the adequacy of the search.

*Id*.

To make requests under the FOIA, a citizen must follow the agency's published regulations regarding procedures to be followed. *See* 5 U.S.C. § 552(a)(3)(A)(ii); *Pollack v. Department of Justice*, 49 F.3d 115, 118 (4th Cir. 1995). Before judicial review of compliance can occur, citizens must exhaust administrative agency procedures. *See* 5 U.S.C. § 552(a)(6)(C); *Oglesby v. U.S. Department of the Army*, 920 F.2d 57, 65 (D.C. Cir. 1990); *see also Gasparutti v. United States*, 22 F. Supp. 2d 1114, 1116 (C.D. Cal. 1998) ("In order to maintain a judicial action under FOIA, a plaintiff must first request documents from an administrative agency and if his request for documents is refused must exhaust his administrative remedies before filing a court action."). Although the Privacy Act does not contain an equivalent constructive exhaustion provision as FOIA, a plaintiff is nonetheless required to file a properly framed request under an agency's regulations. *Taylor v. U.S. Treasury Dept*. 127 F.3d 470, 476 (5th Cir. 1998) (dismissing Privacy Act claim for failure to exhaust administrative remedies  due to failure of requestor to meet regulatory requirements, including failure to list systems of record

to be searched and address for the systems officer).

In order to properly file an FOIA request by mail, a requester must reasonably describe the requested record, identify the request as a FOIA request, mark the outside of the envelope as a FOIA request and mail the request to "The Deputy Executive Director for the Office of Public Disclosure, Office of the General Counsel, SSA, 6401 Security Boulevard, Baltimore, MD 21235." 20 C.F.R. §§ 402.130, 402.135.

In order to properly file a Privacy Act request by mail, the requester must specify which systems of records he wishes searched and the records to which he wishes to have access. 20 C.F.R. § 401.40(b). The request must be mailed to the manager of the SSA system of records. 20 C.F.R. § 401.40(c).

Plaintiff failed to submit a proper FOIA or Privacy Act request in that he failed to mail his requests to the proper SSA office. Plaintiff indicates he sent his first request to the "Office of the Custodian of Records/Information" and his second request to "information and Records Office." A request under FOIA should have been mailed to the "Office of Public Disclosure." A request under the Privacy Act should have been mailed to the appropriate systems manager for the SSA systems of records plaintiff wished to have searched. Because plaintiff failed to direct his inquiries to the appropriate office, they were never entered into SSA's tracking system and did not make their way to the appropriate office for processing. ECF No. 10-2, p. 2.

Additionally, plaintiff's requests failed to properly identify the records requested. Under the SSA's Privacy Act regulations, plaintiff was required to specify the systems of records to be searched. Also, under both the Privacy Act and FOIA, plaintiff's blanket request for "any and all records" is not proper as it fails to reasonably describe or identify the requested records. *See*

7

20 C.F.R. § 401.40(c) (SSA will not honor Privacy Act request for "all records...or similar blanket requests"); 20 C.F.R. § 402.130 (FOIA request must reasonably describe the requested records).

Accordingly, a separate Order shall be entered dismissing the complaint without prejudice for failure to exhaust administrative remedies.[2]


Date:  June 11, 2015                             _____/s/_____
                                                 James K. Bredar
                                                 United States District Judge

---

[2] In light of the dismissal for non-exhaustion, the court will not consider defendant's argument that plaintiff's complaint is now moot given the release of responsive records to plaintiff. The court notes that plaintiff disputes receiving the records.  ECF No. 12.